UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:05-CR-21 |
| | ) | |
| RICKY FORD | ) | |

## **MEMORANDUM OPINION**

Defendant has filed a motion pursuant to *Fed. R. Crim. P*. 41(g)[1] for the return of property seized from him by the Washington County Tennessee Sheriff's Department at the time of his arrest on February 1, 2005. [Doc. 70]. The United States has responded. [Doc. 72]. The defendant seeks the return to him of a Chevrolet Camaro automobile, $2,545.00 in currency and certain other items of personal property including his wallet, keys, drivers license, etc.

Subsequent to his arrest by officers of the Washington County Sheriff's Department on February 1, 2005, Ford was charged in this Court on a criminal complaint and was later indicted in a two count indictment returned by the federal grand jury on March 8, 2005. [Docs. 1 and 2]. The United States subsequently moved to dismiss Count 2 of the indictment and the defendant proceeded to trial before a jury on November 1–2, 2005 and was found guilty by the jury as to Count 1 of the indictment charging him with

---

[1] Incorrectly referred to as Rule 41(e) in the motion.

possession with the intent to distribute 50 grams or more of methamphetamine. Ford was sentenced to a term of 151 months imprisonment on February 27, 2006 [Doc. 64] and his appeal of that conviction and sentence is currently pending before the United States Court of Appeals for the Sixth Circuit.

Under Rule 41(g), "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . ." A motion pursuant to Rule 41(g) is treated as a civil action in equity when, as here, the owner of the property invokes the Rule after the conclusion of his criminal proceedings. *United States v. Dusenbery*, 201 F. 3d 763, 768 (6th Cir. 2000).

**Chevrolet Camaro and $2,545.00 Cash**

The record in this case establishes that a Chevrolet Camaro automobile and $2,545.00 in cash were seized from the defendant at the time of his arrest on February 1, 2005. These items were thereafter the subject of an administrative forfeiture proceeding by the State of Tennessee. The United States has filed a order of forfeiture dated April 26, 2005, which recites that the property was forfeited to the Washington County Sheriff's Department "pursuant to *T. C. A.* § 40-33-206(c) and § 53-11-203 for disposition as provided by law". Attached to the order was a "Notice of Legal Rights Regarding Order of Forfeiture" which notified the defendant of his rights of appeal pursuant to the Uniform Administrative Procedures Act (*Tenn. Code Ann.* § 4-5-101, *et seq.*) [Doc. 72-3] The record in this case contains no further information about the state forfeiture proceedings.

Since defendant's property was seized subject to an administrative forfeiture proceeding by the State of Tennessee, this Court does not retain equitable jurisdiction over defendant's claims because those items have been the subject of an administrative proceeding and he would have had an adequate remedy in the administrative proceeding. *See Linarez v. United States Department of Justice*, 2 F. 3d 208, 213 (7th Cir. 1993); *see also United States v. Griffin*, 1993 WL 150746, at * 1 (6th Cir. May 10, 1993) (unpublished). Ordinarily, once a civil forfeiture action has begun, the District Court loses jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(g) motion, since the claimant has an adequate administrative remedy. *Shaw v. United States*, 891 F. 2d 602, 603 (6th Cir. 1989). A property owner may, however, pursue "collateral due process attacks on administrative forfeitures." *United States v. Giraldo*, 45 F. 3d 509, 511 (1st Cir. 1995); *United States v. Campbell*, 3 Fed. Appx. 381, 383 (6th Cir. 2001). The defendant makes no argument his due process rights were violated in the administrative proceeding, the one claim over which this Court has jurisdiction. The defendant's motion for the return of the 1981 Chevrolet Camaro and the $2,545.00 cash must, therefore, be DENIED.

**The other items of personal property**

Defendant also seeks the return of certain other items of personal property, including his wallet, keys, drivers license and other documents, which were seized from

him at the time of his arrest. Defendant's motion for return of these items of personal property fails on the merits because the defendant cannot show that the federal government ever actually or constructively possessed the property at issue. Where the federal government never had possession of the property in question, denial of a Rule 41(g) motion is proper. *See United States v. Obi*, 100 Fed. Appx. 498, 499 (6th Cir. 2004). Defendant makes no allegation that this property was ever in the possession of the federal government and there is certainly no evidence in the record which would establish that the property was ever in the possession of the federal government. The movant clearly has the burden of showing real or constructive possession of the property by the federal government, *see Clymore v. United States*, 164 F. 3d 569, 571 (10th Cir. 1999), and there is, likewise, no allegation in the defendant's motion and nothing in the record to indicate that the officers of the Washington County Sheriff's Department were acting under the direction of the federal government. *Id.*

There is an additional reason why defendant's motion fails. The United States has provided to the Court as part of its response to this motion a "property release form" from the Washington County Detention Center which is signed by the defendant and which authorizes the release of his personal property to Ernest Edward Ford, the defendant's father. Also attached to the government's response are numerous "property receipt form(s)" evidencing receipt of property by Ernest Ford. [Doc. 72-2] It therefore appears that the Washington County Sheriff's Department fully complied with the request

4

of the defendant to release the property held by the Sheriff's Department to the defendant's father.

For all the foregoing reasons, therefore, the Court will **DENY** defendant's motion for return of property. [Doc. 70].

An order shall enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
